**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Nam Su Her**, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>   - against -<br><br>**Donald Nuckel & Co., Inc., Donald Nuckel, and Miyoung Chung**,<br><br>         Defendants. | Civil Action No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff Nam Su Her ("plaintiff") individually and on behalf of all others similarly situated, through his undersigned attorney, for his Collective and Class Action Complaint against defendants Donald Nuckel & Co., Inc., Donald Nuckel, and Miyoung Chung (collectively the "Defendants") alleges upon actual knowledge as to himself and, as to all other matters, alleges upon information and belief, as follows:

## NATURE OF THE ACTION

1.   Plaintiff brings this action to recover unpaid overtime wages and all available relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56a, et seq. for defendants' failure to pay their employees the full amount of wages due. Plaintiff seeks damages on his own behalf and on behalf of all others similarly situated.

2.   Plaintiff brings this action to remedy claims of discrimination in employment on the basis of age, pursuant to the New Jersey Law Against Discrimination ("NJLAD"), *N.J.S.A.* 10:5-1 *et seq.,* and retaliation, in violation of NJWHL, *N.J.S.A.* 34:11-56a24, and NJLAD, *N.J.S.A.*

10:5-12(d).

3.       Plaintiff Her brings this action on behalf of himself and other similarly situated non-exempt maintenance workers currently or formerly employed by Defendants ("maintenance workers").

## PARTIES

4.       Plaintiff Nam Su Her ("Her") is an individual residing in Bergen County, New Jersey and was formerly employed by Defendants.

5.       Defendant Donald Nuckel & Co., Inc. (the "Company") is a business incorporated under the laws of the State of New Jersey and is located at 281 Liberty Street, Little Ferry, New Jersey 07643.  The Company owns, develops and manages real estate in New Jersey.

6.       Defendant Donald Nuckel ("Nuckel") is an individual residing in the State of New Jersey.  Nuckel is the owner of the Company.

7.       Defendant Miyoung Chung ("Chung") is an individual residing in the State of New Jersey. Chung is the manager of the Company and the girlfriend of Donald Nuckel.

## JURISDICTION AND VENUE

8.       This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

9.       The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10.       Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because a substantial part of the conduct alleged herein occurred in this judicial district. In addition, plaintiff and defendants reside in this district.

**STATEMENT OF CLAIMS**

11.     Plaintiff Her was employed as a painter by Defendants from on or about September 2015 to on or about May 2019.

12.     At all relevant times, including from in or about September 2015 to May 2019, plaintiff and those similarly situated had an employment relationship with, and were employees of, Defendants within the meaning of the FLSA, NJWHL, and NJLAD.

13.     Plaintiff Her has consented to be a party plaintiff, individually and on behalf of all other similarly situated maintenance workers for purposes of a collective action for the FLSA claims pursuant to 29 U.S.C.  §216(b).

14.     At all relevant times, Plaintiff was an employee of Defendants within the meaning of the FLSA.

15.     At all relevant times, Plaintiff was an employee of Defendants within the meaning of the NJWHL.

16.     At all relevant times, Plaintiff was an employee of Defendants within the meaning of the NJLAD.

17.     At all relevant times, Plaintiff's age was in excess of 40 years old, i.e., a protected class under NJLAD.

18.     At all relevant times, Defendants were an enterprise engaged in interstate commerce with annual gross volume of sales or business in excess of $500,000.

19.     Defendant Nuckel is sued individually in his capacity as principal, managing member and owner of the Company.

20.     Defendant Chung is sued individually in her capacity as a manager of the Company.

21.     At all relevant times, Defendant Nuckel was an employer under the FLSA, NJWHL, and NJLAD  because he exercised sufficient operational control and policy-making authority over the Company's operations, established the maintenance workers' terms and conditions of employment, and created and enforced the method by which the workers' wages were computed and paid.

22.     For example, at all relevant times, Defendant Nuckel had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records for the Company.

23.     At all relevant times, Defendant Chung was an employer under the FLSA, NJWHL, and NJLAD  because she exercised sufficient operational control and policy-making authority over  the Company's operations, established the maintenance workers' terms and conditions of employment, and created and enforced the method by which the workers' wages were computed and paid.

24.     For example, at all relevant times, Defendant Chung had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records at Donald Nuckel & Co., Inc.

25.     At all relevant times, Defendants maintained a policy and practice that denied maintenance workers the appropriate overtime compensation pursuant to the FLSA and the NJWHL for hours worked in excess of 40 hours per workweek.

26.     On information and belief, at all relevant times, Defendants maintained a policy and practice of paying maintenance workers who were over forty (40) years of age ("the older

maintenance workers") a lower hourly wage than the hourly wage paid to maintenance workers who were forty (40) years of age or younger, despite the fact that the maintenance workers had the same or similar job duties and performed the same or similar job functions.

27.     On information and belief, at all relevant times, Defendants maintained a policy and practice of retaliation and\or reprisal against any maintenance worker who complained about the lack of overtime compensation, by materially altering the terms and conditions of employment for any maintenance worker who complained about Defendants' failure to pay overtime compensation.

28.     On information and belief, at all relevant times, Defendants maintained a policy and practice of making disparaging remarks about the age of the older maintenance workers.   The disparaging remarks  were intimidating, hostile and\or abusive, and impliedly threatened the job security of the older maintenance workers, and were intended to and did have a chilling effect on the older maintenance workers' willingness to raise issues with Defendants concerning the terms and conditions of employment.

## COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff brings this action  against Defendants as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated individuals, which include all other non-exempt maintenance employees employed by Defendants at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

30.     The exact number of FLSA Collective members is unknown to plaintiff at this time, but there are believed to be at least 10 such persons who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by willfully denying

them overtime pay and other wages.

31.     The identities of the FLSA Collective members are known to the Defendants and are contained in the employment records that the defendants are required to create and maintain pursuant to the FLSA and NJWHL.

32.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA by failing to pay maintenance workers for hours worked over forty (40) hours per work week at the rate of one and a half times the regular hourly rate.

33.     Defendants did not keep complete records, as required by law, of hours worked and wages earned by plaintiff and the FLSA Collective.

34.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and can be located through defendants' records, which they are required to maintain pursuant to the FLSA and NJWHL. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action against Defendants as a class action for: 1) unpaid overtime in violation of the FLSA and NJWHL; 2) discrimination in employment on the basis of age in violation of the NJLAD; and 3) retaliation and\or reprisal for complaints about Defendants' failure to pay overtime compensation, in violation of the NJWHL and the NJLAD.  The action is brought as a class action  on behalf of  Plaintiff Her and all other maintenance employees similarly situated pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure and pursuant

to N.J.S.A. 34:11-56a25. N.J.S.A. 34:11-56a25 provides in pertinent part, "An employee shall be entitled to maintain the action for and on behalf of himself or other employees similarly situated, and such employee and employees may designate an agent or representative to maintain such action for and on behalf of all employees similarly situated."

36.     Plaintiff is a member of a class of employees of similarly situated individuals, which includes current and former non-exempt maintenance employees employed by Defendants at any time three years prior to the filing of this action through the entry of judgment in this action, who were not paid overtime compensation for hours worked in excess of forty (40) hours per work week. (the "FLSA Class").

37.     Plaintiff is a member of a class of employees of similarly situated individuals which includes current and former non-exempt maintenance employees employed by Defendants at any time, during the period permitted by N.J.S.A. 34:11-56a25.1 prior to the filing of the action through entry of judgment in this action, who were not paid overtime compensation for hours worked in excess of forty (40) hours per work week (the "NJWHL Class").

38.     Plaintiff is a member of a class of employees of similarly situated individuals which includes current and former non-exempt maintenance employees employed by Defendants who were subjected to retaliation or reprisal which altered the terms and conditions of employment in response to complaints about Defendants' failure to pay overtime compensation for hours worked in excess of forty (40) hours per work week ("The Retaliation Class").

39.     Plaintiff is a member of a class of employees of similarly situated individuals which includes current and former non-exempt maintenance employees, who were, at any relevant time during their employment, subjected to discrimination in employment based on age and\or a hostile work environment based on age, in violation of NJLAD ("The New Jersey Age

Discrimination Class").

40.     On information and belief, the members of the FLSA Class are so numerous that joinder of all persons is impracticable.

41.     On information and belief, the persons in the New Jersey WHL Class, are so numerous that joinder of all members is impracticable. Further, N.J.S.A. 34:11-56a25 statutorily provides for a class action, without regard to the number of members, to enforce rights protected by the NJWHL. The exact number of the New Jersey Class members is unknown to plaintiff at this time, but there are believed to be at least 10 such persons.

42.     On information and belief, the members of the Retaliation Class are so numerous that joinder of all members is impracticable.

43.     On information and belief, the members of the New Jersey Age Discrimination Class are so numerous that joinder of all persons is impracticable.

44.     The identities of the FLSA Class members are known or should be known to the defendants and are or should be contained in the employment records that the defendants are required to create and maintain pursuant to the FLSA and NJWHL.

45.     The identities of the NJWHL Class are known or should be known to the defendants and are or should be contained in the employment records that the defendants are required to create and maintain pursuant to the FLSA and NJWHL.

46.     The identities of the Retaliation Class members are known or should be known to the defendants and are or should be contained in the employment records that the defendants are required to create and maintain pursuant to the FLSA and NJWHL.

47.     The identities of the New Jersey Age Discrimination Class members are known or should be known to the defendants and are or should be contained on the employment records

that defendants are required to create and maintain pursuant to the FLSA and NJWHL.

48.     To the extent Defendants failed to create and maintain full and complete accurate employee records as required by the FLSA and NJWHL, alternate methods of notification to potential Class members may be necessary and appropriate.

49.     Plaintiff is similarly situated to the FLSA Class members because plaintiff and the FLSA Class members performed similar work under similar terms and conditions of employment, and sustained similar damages arising out of defendants' policies and conduct in violation of the FLSA.

50.     Plaintiff is similarly situated to the NJWHL Class members because plaintiff and the NJWHL Class members performed similar work under similar terms and conditions of employment, and sustained similar damages arising out of defendants' policies and conduct in violation of the NJWHL.

51.     Plaintiff is similarly situated to the Retaliation Class members because Plaintiff and the Retaliation Class members performed similar work under similar terms and conditions of employment, and sustained similar damages arising out of defendants' policies and conduct in violation of the FLSA and NJWHL.

52.     Plaintiff is similarly situated to the New Jersey Age Discrimination Class members because Plaintiff and the New Jersey Age Discrimination Class members performed similar work under similar terms and conditions of employment, were subjected to similar discrimination and\or a hostile work environment based on age, and sustained similar damages arising out of defendants' policies and conduct in violation of the NJLAD.

53.     Plaintiff will fairly and adequately protect the interests of the members of the FLSA Class and has retained counsel competent and experienced in complex class action

litigation.

54.      Plaintiff will fairly and adequately protect the interests of the members of the NJWHL Class and has retained counsel competent and experienced in complex class action litigation.

55.      Plaintiff will fairly and adequately protect the interests of the members of the Retaliation Class and has retained counsel competent and experienced in complex class action litigation.

56.      Plaintiff will fairly and adequately protect the interests of the members of the New Jersey Age Discrimination Class and has retained counsel competent and experienced in complex class action litigation.

57.      Plaintiff has no interests that are contrary to or in conflict with those of the other members of the FLSA Class, the NJWHL Class, the Retaliation Class or the New Jersey Age Discrimination Class.

58.      Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

59.      Common questions of law and fact exist as to all members of the FLSA Class that predominate over any questions affecting solely individual members. The common questions of law and fact include:

    a.  Whether Defendants violated the FLSA;

    b.  Whether Defendants failed to pay non-exempt maintenance workers overtime wages due at a rate of one -and-one half times their regularly hourly rate for all hours worked in excess of 40 hours in a workweek in violation of the FLSA.

60.     Common questions of law and fact exist as to all members of the NJWHL Class that predominate over any questions affecting solely individual members. The common questions of law and fact include:

a. whether Defendant violated the NJWHL and the supporting NJDOL regulations; and

b. whether Defendanst failed to pay non-exempt, maintenance  all overtime wages due at a rate of one and-one-half-times their regular hourly rate for all hours worked in excess of 40 in a workweek in violation of the NJWHL.

61.     Common questions of law and fact exist as to all members of the Retaliation Class that predominate over any questions affecting solely individual members. The common questions of law and fact include:

a. Whether Defendants violated the FLSA and NJWHL by retaliation against employees who complained to Defendants that they were not being properly compensated for overtime hours worked;

b. Whether Defendants adversely changed the terms and conditions of employment for employees who complained to Defendants that they were not being properly compensated for overtime hours worked.

62.     Common questions of law and fact exist as to all members of the New Jersey Age Discrimination Class that predominate over any questions affecting solely individual members. The common questions of law and fact include:

a.  Whether Defendants engaged in conduct in violation of NJLAD;

b.  Whether Defendants discriminated against employees on the basis of age,

by paying a higher hourly wage to employees who were 40 years of age or younger, and a lower hourly wage to employees who were over 40 years of age;

c. Whether employees who were over 40 years of age were subjected a hostile work environment by disparaging remarks made about them based on their age.

63.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for plaintiff and the Class  members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of defendants' compensation practices to prosecute vigorously a lawsuit against defendants to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

64.     This action is properly maintainable as a class action on behalf of plaintiff, and other employees similarly situated, pursuant to FRCP Rule 23 and N.J.S.A 34:11-56a25.

## FACTUAL ALLEGATIONS

65.     At all relevant times, Donald Nuckel operated and managed Donald Nuckel & Co., Inc.

66.     At all relevant times, Miyoung Chung operated and managed Donald Nuckel & Co.,Inc.

67.     Throughout his employment, plaintiff's primary duties were to paint the interior of the units for Donald Nuckel & Co., Inc's Little Ferry properties. On top of his primary duties,

plaintiff was ordered to clean apartments, fix plumbing, repair electric issues, replace hot water tanks, and shovel snow.

68.        At all relevant times, defendants recorded the hours worked by Plaintiff and other maintenance workers by having another employee, Yu Young Lee, write down the total weekly hours worked by plaintiff and other maintenance workers'. At the conclusion of the work week, Yu Young Lee would then provide  the hours worked by Plaintiff and the other maintenance workers to Miyoung Chung.

69.        At all relevant times, plaintiff and other maintenance workers typically worked in excess of forty (40) hours per week, with some variation in total hours each week.

70.        Plaintiff and the other maintenance workers were paid on a weekly basis in cash and/or check.

71.        The pay period at Donald Nuckel & Co., Inc went from Monday to Sunday.

72.        Defendants failed to pay plaintiff and other maintenance workers overtime pay at one and one half (1 ½) times their hourly rate for hours worked in excess of 40 per workweek.

73.        In each of the pay periods, plaintiff worked at least 46 hours.

74.        Defendants did not provide the plaintiff or the other maintenance  workers any written notification of the hours they worked or wages paid in a workweek.

75.        Defendants have violated the recordkeeping requirements of the FLSA, 29 U.S.C. §211(c), N.J.S.A. 34:11-56a20 and N.J.A.C. 12:56-4.1 and 4.2

76.        Defendants failed to post, in a conspicuous, unobstructed place, pursuant to N.J.S.A. 34:11-56a21, the "New Jersey State Wage and Hour Law Abstract," prescribed by the NJDOL, setting forth the state minimum wage and overtime requirements in English and Korean.

77.        Defendants failed to post in a conspicuous, unobstructed place, pursuant to

29 C.F.R. §516.4, a poster prescribed by the U.S. Department of Labor, Wage and Hour Division,

setting forth federal minimum wage and overtime requirements in English and Korean.

78.     Throughout his employment, Plaintiff was subject to discriminatory acts by

Defendant Miyoung Chung. Plaintiff was frequently disparaged for being too "old." If Plaintiff

expressed any issues with his pay, Defendant Miyoung Chung told him he should be grateful to

have a job in light of his age and his inability to speak English. Such comments were intimidating,

hostile and/or abusive, and impliedly threatened his job security.

79.     On or about February 18, 2019, Plaintiff contacted Defendant Miyoung Chung

in regards to being properly compensated for hours worked in excess of 40 hours in a workweek.

Defendant Miyoung Chung told him he should grateful he should have a job at his age. In

retaliation, Defendant Miyoung Chung reduced his hours to exactly 40 hours a week.

80.

**FIRST CLAIM**
**(Fair Labor Standards Act – Unpaid Overtime)**

81.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth

herein.

82.     Defendants are required to pay non-exempt maintenance employees, including

plaintiff, one and one-half (1½) times the regular rate of pay for all hours they worked in excess

of 40 in a workweek pursuant to the overtime wage provisions of the FLSA, 29 U.S.C. § 207, *et*

*seq*.

83.     Defendants have failed to pay maintenance employees, including plaintiff, the

overtime wages to which they are entitled under the FLSA, even though plaintiff and other

maintenance worker employees  regularly worked more than 40 hours per workweek.

84.     For example, plaintiff worked as a maintenance worker at least 46 hours each

and every workweek from on or about July 24, 2017 to on or about May 17, 2019.

85.     For each of those workweeks, defendants failed to pay plaintiff overtime wages to which he was entitled under the FLSA.

86.     Defendants were aware or should have been aware that the practices described in this Claim were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff and the other maintenance worker employees.

87.     Defendants' violations of the FLSA have been willful and, therefore, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

88.     As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective and the FLSA Class have suffered damages by being denied overtime pay in accordance with the FLSA and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New Jersey Wage and Hour Law – Unpaid Overtime)

89.     Plaintiff  repeats and realleges all foregoing paragraphs as if fully set forth herein.

90.     Under the NJWHL, defendants are required to pay non-exempt maintenance employees, including plaintiff,  one and one half (1 ½) times the regular rate of pay for all hours they worked in excess of 40 hours in a workweek.

91.     Plaintiff and other maintenance employees  have regularly worked more than 40 hours per week.

92.     Defendants have failed to pay maintenance employees, including plaintiff, the overtime wages to which they are entitled under the NJWHL.

93.     For example, plaintiff worked as a maintenance worker at least 46 hours each and every workweek from on or about July 24, 2017 to on or about May 17, 2019.

94.     For each of those workweeks, defendants failed to pay plaintiff the overtime wages to which he was entitled under the NJWHL.

95.     Defendants knew or showed reckless disregard for whether their conduct  was unlawful, and did not made a good faith effort to comply with the NJWHL with respect to the compensation of plaintiff and the other maintenance employees.

96.     Defendants have willfully violated the NJWHL by knowingly and intentionally or in willful disregard failing to pay plaintiff and the other maintenance employees overtime wages.

97.     Due to defendants' willful violations of the NJWHL, plaintiff and the NJWHL Class are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest and any other compensation or remedy provided for by N.J.S.A. 34:11-56a25.

### THIRD CLAIM
### (FLSA-Retaliation )

98.     Plaintiff repeats and realleges the allegations set forth in prior paragraphs as if set forth at full length herein.

99.     Defendants retaliated against Plaintiff, by reducing the number of hours Plaintiff was scheduled to work per work week, in response to Plaintiff complaining to Defendants about Defendants' failure to compensate Plaintiff for overtime hours worked.

100.    On information and belief, Defendants retaliated against other maintenance workers who complained about Defendants' failure to pay overtime compensation, by

adversely changing the terms and conditions of employment.

101.    Defendants' retaliatory conduct was a willful violation of the FLSA.

102.    As a result of Defendants' unlawful retaliation, Plaintiff and the members of the Retaliation Class suffered damages.

103.    As a result of Defendants' willful and unlawful retaliation in violation of the FLSA, Plaintiffs and the Retaliation Class are entitled to recover damages, reasonable attorneys' fees and costs, pre and post judgment interest, and punitive damages.

**FOURTH CLAIM**
**(New Jersey Wage and Hour Law – Retaliation)**

104.    Plaintiff and the NJWHL Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

105.    Plaintiff was formerly employed by Defendants, who were subject to NJWHL, *N.J.S.A.* 34:11-56a1.

106.    Plaintiff complained to his employer that he had not been paid wages in accordance with the provisions of NJWLL. *N.J.S.A.* 34:11-56a24.

107.    In response to his complaint, Defendants retaliated against Plaintiff by reducing the number of hours Plaintiff was scheduled to work in a work week.

108.    Defendants controlled the terms and conditions of employment, including Plaintiff's work assignments and scheduled number of hours to work per work week.

109.    Defendants acted in bad faith, as they knew or showed reckless disregard for whether their conduct was prohibited by statute.

110.    As such, Defendants' retaliatory conduct was a willful violation of NJWHL, for which they are civilly liable pursuant to *N.J.S.A.* 34:11-56a25.

## FIFTH CLAIM

### (New Jersey Law Against Discrimination – Age-Based Discrimination)

111.     Plaintiff and the New Jersey Class Age Discrimination Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

112.    Plaintiff was formerly employed by Defendants, who were subject to NJLAD, *N.J.S.A.* 10:5-1 *et seq*.

113.    During Plainriff's employment, Defendants discriminated against older workers, on the basis of age, by paying a higher hourly rate to maintenance employees who were 40 years old and younger, and a lower hourly wage to maintenance employees who were over 40 years of age.

114.    All of the maintenance employees performed the same or similar job duties.

115.    Nuckel, as owner of the Company, and Chung, as a manager and supervisor, constituted the "upper management" of the company.

116.    Plaintiff was sixty-three (63) to sixty-seven (67) years old over the course of his employment.

117.    Defendants frequently disparaged Plaintiff for being too "old." If Plaintiff expressed any issues with his work, Defendants told him he should be grateful to have a job because of his age and inability to speak English.

118.    These comments were intimidating, hostile and/or abusive, and impliedly threatened his job security.

119.    Nuckel and Chung, as employers and supervisory employees, had a duty to prevent discriminatory conduct in the workplace. *See Herman v. Coastal Corp.*, 348 *N.J. Super.* 1, 24-25 (App. Div. 2002); *Cardenas v. Massey*, 269 F.3d 251, 268 (3d Cir. 2001).

120.     Instead, Nuckel and Chung engaged in it, by making discriminatory comments and implementing discriminatory compensation policies based on Plaintiff's age and the age of other "older" maintenance employees.

121.     Defendants' conduct was so severe and pervasive, such that a reasonable person would believe that the conditions of employment were altered and that the working environment was intimidating, hostile and/or abusive.

122.     Knowing the high probability that they would harm Plaintiff, Defendants acted maliciously and in willful and wanton disregard, in engaging in age-based discrimination at the Company and/or failing to deter it.

123.     Defendants willfully subjected Plaintiff to discrimination based on age and a hostile working environment, in violation of *N.J.S.A.* 10:5-12(a).

## SIXTH CLAIM
### (New Jersey Law Against Discrimination – Reprisal)

124.     Plaintiff and the New Jersey Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

125.     Plaintiff was formerly employed by Defendants, who were subject to NJLAD, *N.J.S.A.* 10:5-1 *et seq*.

126.     Nuckel, as owner of the Company, and Chung, as a manager and supervisor, constituted the "upper management" of the company.

127.     Plaintiff was sixty-three (63) to seventy-seven (67) years old over the course of his employment.

128.     Over the course of his employment, Plaintiff was frequently and persistently subject to age-based discrimination, due to aforementioned discriminatory comments and employment policies.

129.    Plaintiff complained to Defendants about their age-based discriminatory conduct.

130.    In response, Defendants reduced the hours Plaintiff was scheduled to work in a work week.

131.    Defendants controlled the terms and conditions of employment, including his work assignments.

132.    Defendants acted with malice, and in willful and wanton disregard for the harm they caused Plaintiff, and for whether their conduct was prohibited by statute.

133.    As such, Defendants actions constituted an unlawful and willful "reprisal" in violation of NJLAD, *N.J.S.A.* 10:5-12(d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court provide the following relief:

a.      certifying the case as a collective action for the violations of the FLSA;

b.      granting class certification for the FLSA Class;

c.      granting class certification of the NJWHL Class;


d.      granting certification of the Retaliation Class;

e.      Granting certification of the New Jersey Age Discrimination Class;

f.    authorizing the issuance of notice at the earliest possible time to all maintenance workers who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into and participate in this lawsuit;

g.   declaring that defendants have violated the overtime provisions of the FLSA and NJWHL;

h.   declaring that defendants' have discriminated against plaintiff in violation of the ADEA and NJLAD;

i.   declaring that defendants' violations of the FLSA were willful;

j.   awarding to plaintiff, the FLSA Collective, the FLSA Class and the NJWHL Class damages for overtime compensation under the FLSA and NJWHL;

k.   awarding plaintiff, the FLSA Collective and the FLSA Class liquidated damages under the FLSA;

l.   awarding plaintiff, the FLSA Collective, the FLSA Class and the NJWHL Class pre- and post- judgment interest under the FLSA and NJWHL;

m.   awarding plaintiff and the NJWHL Class all damages provided for by N.J.S.A. 34:11-56a25;

n.   awarding plaintiff, the FLSA Collective, the FLSA Class, and the NJWHL Class reasonable attorneys' fees and costs pursuant to the FLSA and NJWHL;

o.   awarding plaintiff and the Retaliation Class damages, reasonable attorneys' fees and costs, pre and post judgment interest, and punitive damages:

p.   awarding plaintiff and the New Jersey Age Discrimination Class all damages recoverable under NJLAD;

q.   assessing penalties against Defendants for record keeping violations under the FLSA;

r.   awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable.

## Designation of Trial Counsel

Michael K. Chong, Esq. is hereby designated as trial counsel for the Plaintiff.

**LAW OFFICES OF MICHAEL K. CHONG, LLC**

By:       */s/Michael K. Chong*
Michael K. Chong, Esq
2 Executive Drive, Suite 240
Fort Lee, NJ 07024
(201) 947-5200
MKC@mkclawgroup.com
*Attorneys for Plaintiff*

Dated: April 20, 2020